**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOHN CARLO MANIGAULTE,
*Plaintiff*,

v.

Case No. 3:23-CV-1528 (OAW)

U.S. DEPARTMENT OF ENERGY,
*Defendant*.

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's Motion for Summary Judgment ("Motion"), ECF No. 21, as well as Plaintiff's Motion to Compel, ECF No. 8. The court has reviewed the Motion, Plaintiff's opposition, ECF No. 22, Defendant's reply brief, ECF No. 23, Plaintiff's objection to Defendant's reply, ECF No. 24, and the record in this matter, and is thoroughly advised in the premises. The court also has reviewed Plaintiff's Motion to Compel. ECF No. 8. After careful review of these materials, the Motion hereby is **GRANTED** and Plaintiff's Motion to Compel is **DENIED.**

## I. BACKGROUND

The facts set forth below are taken primarily from the parties' Local Rule 56(a) Statements and exhibits and are undisputed unless otherwise stated. This case arises from a Freedom of Information Act ("FOIA") request that Plaintiff submitted to Defendant on May 22, 2023. Def. Local Rule 56(a)1 Statement of Undisputed Facts ¶ 1, ECF No. 21-2 (hereinafter "Def. SOF"). Defendant sent Plaintiff an "Interim Response Letter" on May 25, 2023. *Id.* ¶ 2. Defendant sent Plaintiff's request to the Defendant's Office of Energy Efficiency and Renewable Energy ("EERE"), Office of Electricity ("OE"), and

Energy Information Administration ("EIA") to check whether they had records responsive to Plaintiff's FOIA request. *Id.* ¶ 3. EERE responded on May 24, 2023, indicating that OE was the proper recipient of the request. *Id.* ¶ 4. On May 26, 2023, OE responded with a link to a public website—www.smartgrid.gov—which it identified as the "most relevant record" that they would have. *Id.* ¶ 5. On June 15, 2023, EIA stated that it did not have any responsive records. *Id.* ¶ 6. Defendant concluded that "no other DOE office was likely to have records responsive to Plaintiff's request." *Id.* ¶ 7. Defendant sent Plaintiff a "final determination letter" on June 16, 2023. *Id.* ¶ 8. Defendant alleges that it did not find responsive documents related to Plaintiff's FOIA request. *Id.* ¶ 9. Plaintiff alleges that "Defendant's claims are indefensible, given evidentiary records proving otherwise." ECF No. 22-3 ¶ 11. Plaintiff does not cite specific evidence to support this assertion.[1]

## II. LEGAL STANDARD

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113–14 (2d Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Substantive law determines which facts

[1] Although Plaintiff repeatedly refers to his complaint as a source of evidence in his opposition to Defendant's motion for summary judgment, only a "verified complaint is to be treated as an affidavit for summary judgment purposes." *Jordan v. LaFrance*, No. 3:18-cv-01541 (MPS), 2019 WL 5064692, at *3 (D. Conn. Oct. 9, 2019) (quoting *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)). Plaintiff's complaint is not a verified complaint; therefore, it will not be considered in determining whether material issues of fact exist for summary judgment purposes.

are material. *Anderson*, 477 U.S. at 248. "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense." *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The court resolves all ambiguities and draws all permissible factual inferences in favor of the non-moving party. *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012). But the nonmoving party cannot simply "rely on conclusory allegations or unsubstantiated speculation," and "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). To defeat a motion for summary judgment, the nonmoving party must offer concrete evidence upon which "the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis in original).

## III. DISCUSSION

Plaintiff alleges that Defendant's response to his FOIA request was inadequate. ECF No. 1. Defendant argues that it conducted an adequate and reasonable search and found no responsive documents. ECF No. 21.

### A. FOIA Response

"FOIA was enacted to promote honest and open government, and to ensure public access to information created by the government in order to hold the governors accountable to the governed." *Long v. Off. of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) (citation modified). As a result, "FOIA provides that federal agencies in possession of records and related materials must make them available to the general public upon request." *Laws. Comm. for Hum. Rts. v. Immigr. & Naturalization Serv.*, 721 F. Supp. 552, 560 (S.D.N.Y. 1989). "When an agency receives a request for records, it must (1) conduct an adequate search using reasonable efforts, (2) provide the information requested, unless it falls within a FOIA exemption, and (3) provide any information that can be reasonably segregated from the exempt information." *Stroud v. Fed. Bureau of Prisons*, No. 3:22-cv-00799 (KAD), 2023 WL 4405657, at *4–5 (D. Conn. July 7, 2023) (citation modified) (quoting *N.Y. Times Co. v. U.S. Dep't of Just.*, 390 F. Supp. 3d 499, 511 (S.D.N.Y. 2019). The statute "strongly favors a policy of disclosure and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act." *Nat'l Council of La Raza v. U.S. Dep't of Just.*, 411 F.3d 350, 355 (2d Cir. 2005) (citation modified). "[A] court is to resolve all doubts in favor of disclosure." *Long*, 692 F.3d at 190.

"A court may enter summary judgment for an agency in a FOIA case 'when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *Stroud v. Fed. Bureau of Prisons*, No. 22-cv-00799 (KAD), 2023 WL 4405657, at *7 (D. Conn. July 7, 2023) (quoting *Seife v. U.S. Food & Drug Admin.*, 43 F.4th 231,

238 (2d Cir. 2022)). "If the agency's submissions are facially adequate, summary judgment is warranted unless the plaintiff can make a showing of bad faith on the part of the agency or present evidence that the exemptions claimed by the agency should not apply." *Garcia v. U.S. Dep't of Just.*, 181 F. Supp. 2d 356, 366 (S.D.N.Y. 2002) (citing *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994)).

A search is adequate if "it was reasonably calculated to uncover all relevant documents. *Peeler v. U.S. Dep't of Just.*, No. 11-cv-1261 (JBA), 2013 WL 4441528, at *4 (D. Conn. Aug. 15, 2013) (quoting *Kaminsky v. Nat'l Aeronautics & Space Admin.*, No. 08-cv-3313, 2010 WL 276184, at *5 (E.D.N.Y. Jan. 19, 2010), *aff'd*, 402 Fed. Appx 617 (2d Cir. 2010)). "Reasonableness does not demand perfection, and a reasonable search need not uncover every document in existence." *Id.* FOIA requires the agency to search "all locations likely to contain responsive documents." *Schwartz v. Dep't of Def.*, No. 15-cv-7077, 2017 WL 78482, at *6 (E.D.N.Y. Jan. 6, 2017).

An agency's affidavits "are accorded a presumption of good faith." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F. 3d 473, 489 (2d Cir. 1999) (citation modified) (quoting *Carney*, 19 F.3d at 812). "[T]his good faith presumption only applies to agency affidavits or declarations that are 'reasonably detailed.'" *Few v. U.S. Dep't of Veterans Affs.*, 254 F. Supp. 3d 341, 353 (D. Conn. 2017) (quoting *Halpern v. F.B.I.*, 181 F.3d 279, 295 (2d Cir. 1999)). "This presumption cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Grand Cent. P'ship, Inc.*, 166 F. 3d at 489 (citation modified).

Here, Plaintiff requested "[e]xisting records (i.e., reports, bulletins, or evidence of some nature) showing or suggesting that analog digital meters (from as long ago as the

mid-1990s) can erroneously record electric energy usage by over-reporting actual energy consumption." ECF No. 21-4. Defendant determined that EERE would likely have any responsive documents, if they existed, because EERE is involved with research related to energy efficiency. ECF No. 21-3 ¶¶ 9–11. EERE identified OE, which focuses on research related to electrical infrastructure. *Id.* at 13–14. OE identified the public website www.smartgrid.gov, which contained information about the power grid, including some information regarding meters. *Id.* at 16. OE identified EIA as potentially having information, as it analyzes statistics about energy. *Id.* at 16–17. EIA identified no responsive documents and indicated that more information would more likely be found at local utilities companies. *Id.* at 19. In short—Defendant asked its relevant offices and found no responsive records beyond the public website. ECF No. 21-3 ¶¶ 10–22; *see also Gizmodo Media Grp., LLC v. Fed. Bureau of Investigation*, 366 F. Supp. 3d 585, 559–60 (S.D.N.Y. 2019) (concluding that the FBI conducted an adequate search, as the FBI's affidavits detailed the steps the FBI took to find responsive documents and Plaintiff's argument to the contrary amounted to speculation). Plaintiff's assertions that Defendant's search was inadequate are unsubstantiated, as Plaintiff does not point to anything in the record showing that Defendant was in possession of the records Plaintiff sought, many of which appear to be publicly available. *See* ECF No. 22-5 Exs. F (presenting publicly available research that was funded by Defendant), G (presenting publicly available research unaffiliated with Defendant), H (same), I (same), J (same). Simply because there were little-to-no responsive documents, that did not make Defendant's search inadequate. *Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. Dep't of Homeland Sec.*, 331 F. Supp. 3d 74, 84 (S.D.N.Y. 2018) (noting that "[t]he adequacy of a search is not

measured by its results"). Plaintiff's production of the publicly available documents fails to establish a genuine factual dispute as to the adequacy of Defendant's search. *See Peeler*, 2013 WL 4441528, at *5 (concluding that "Plaintiff must assert more than his good-faith belief . . . that more records exist in order to create a genuine factual dispute as to the adequacy of Defendant's search").

Accordingly, because Defendant satisfied its burden to show that a reasonable and adequate search was conducted, and Plaintiff failed to put forth sufficient evidence to rebut the good-faith presumption, the record establishes that Defendant's search was adequate. Defendant's undisputed facts entitle it to judgment.

## IV. CONCLUSION

For the reasons discussed herein, the court hereby **GRANTS** the Motion. Accordingly, Plaintiff's Motion to Compel **(ECF No. 8)** is **DENIED** as moot. The Clerk of Court is asked to please enter judgment consistent with this order and to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 15th day of September, 2026.

*/s/*
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE